**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| TK&C'S, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> AIRLINE DOG 'N SUDS, INC. and DAVID J. HOSTICKA, Individually, <br><br> *Defendants.* | Civil Action No. 4:25-cv-00035 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff TK&C'S, LLC for its Complaint against the Defendants, Airline Dog 'N Suds, Inc. (hereinafter "Airline") and David J. Hosticka, Individually, (collectively "Defendants"), alleges as follows:

**Parties**

1. Plaintiff TK&C'S, LLC (hereafter "Dog 'N Suds") is a limited liability company organized and existing under the laws of the State of Indiana, having a principal place of business at 595 Sagamore Parkway South, Lafayette, IN 47905.

2. Upon information and belief, Defendant Airline Dog 'N Suds, Inc. is a corporation organized and existing under the laws of the State of Michigan, having a principal place of business at 4221 Grand Haven Rd., Norton Shores, MI 49441.

3. Upon information and belief, Defendant David J. Hosticka is an adult Individual residing at 8958 Ferry St., Montague, MI 49437.

**Jurisdiction and Venue**

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338, as this is a claim for violation of the Lanham Act pursuant to 15 U.S.C. §§ 1114 and 1125(a).

5. Defendants entered into a license agreement with Indiana based Dog 'N Suds. Defendants purchased product, including root beer, from Indiana based Dog 'N Suds. Defendants are subject to personal jurisdiction within Indiana and this judicial district, as Defendants conducts regular, continuous and systematic business in this Judicial District, and has committed the acts alleged herein adversely affecting Dog 'N Suds within this district. Venue as to Defendants is thus proper pursuant to 28 U.S.C. §1391(b).

**Factual Background**

**Dog 'N Suds and Its Marks**

6. Dog 'N Suds predecessors used the various trademarks and service marks going back to approximately 1953. Since at least 2003, Plaintiff Dog 'N Suds has acquired its predecessor's marks and rights and has continually promoted and offered its DOG N SUDS® (and various design marks) products and services in the field of restaurant services and root beer.

7. Dog 'N Suds has used the DOG N SUDS® (and various design marks) continuously, notoriously and extensively with respect to and in association with its products since at least 2003 and further has marked its materials with the appropriate "®" legend.

8. Dog 'N Suds has expended a substantial amount of money and effort in advertising and promoting its DOG N SUDS® (and various design marks) marks. The DOG N SUDS® (and various design marks) marks are well known and consumers have come to know, rely upon, and recognize the DOG N SUDS® (and various design marks) as identifying Dog 'N Suds' products and services. As a result of Dog 'N Suds' substantial promotional, advertising, publicity, and public relations activities, the DOG N SUDS® (and various design marks) marks have acquired substantial goodwill and is a valuable commercial asset.

9. The DOG N SUDS® (and various design marks) marks are distinctive and inherently distinctive, serving to identify and indicate the source of Dog 'N Suds' products and services to the consuming public, and to distinguish Dog 'N Suds' products and services from those of others.

10. The DOG N SUDS® marks are famous trademarks.

11. Presently, Dog 'N Suds has a licensee approximately 22 miles from Defendants' facility.

12. Dog 'N Suds owns US Trademark Registration Nos. 628369; 632430; 632429; 2097102; and, 7131185 for DOG N SUDS® (and various design marks) marks. *See* the detailed descriptions below:

| TM Reg. No. | Mark | Goods/Services |
|---|---|---|
| 628369 | DOG N SUDS | Soft drinks and soft drink concentrates, IC 32 |

| 632430 | DOG N SUDS AND DESIGN | Restaurant services, IC 42 |
|---|---|---|
| 632429 | DOG N SUDS (Stylized) | Restaurant services, IC 42 |
| 2097102 | DOG N SUDS AND DESIGN | Soft drinks and soft drink concentrates, IC 32 |
| 7131185 | DOG N SUDS | Soft drinks; concentrates for making soft drinks, IC 32<br><br>Restaurant services, IC 43 |

13. Copies of Dog 'N Suds' trademark registration certificates are attached as Exhibits A, B, C, D and E.

14. Dog 'N Suds' Trademark Registration Nos. 628369; 632430; 632429; and, 2097102 are incontestable per 15 U.S.C. § 1065.

**Defendants' Actions:**

15. On July 1, 2007, Airline entered into a Product License Agreement and Addendum with Dog 'N Suds for the exclusive right to use Dog 'N Suds' distinctive DOG N SUDS® (and various design marks) trademarks and service marks within specific counties in Michigan and certain unique food and beverage products with secret recipes. A copy of the Product License Agreement and Addendum is attached hereto as Exhibit F.

16. The Product License Agreement and Addendum had an initial term of ten (10) years, expiring on or about July 1, 2017.

17. The Product License Agreement and Addendum was not renewed nor extended. Defendant's former license is terminated.

18. The Product License Agreement contains a "post-termination" section which calls for, among other things, Defendant Airline to "immediately cease using the Marks and Products licensed under this Agreement." Exhibit F, Section XI – Post Termination, at pg. 7.

19. On information and belief, Defendant David J. Hosticka owns and controls Defendant Airline and is knowingly inducing and contributing to Airline's infringement and breach.

20. Upon information and belief, Airline claims to be currently selling DOG N SUDS® products and restaurant services at least as of April 8, 2025, as evidenced below:



21.     On April 9, 2025, Dog 'N Suds sent Defendants a cease-and-desist letter via Federal Express, signature required. Airline refused the April 9th Federal Express envelope.

22.     Thereafter, on April 14, 2025, Dog 'N Suds re-sent Defendants the April 9, 2025 a cease-and-desist letter via Federal Express, no signature required. Airline

refused receipt and returned the April 14th Federal Express envelope. A copy of the April 9, 2025 cease-and-desist letter is attached as Exhibit G.

23. On April 11, 2025, Dog 'N Suds sent the April 9, 2025 cease-and-desist letter, via email, to the last known email address of the President of Airline.

24. On April 14, 2025, Dog 'N Suds also sent Airline the April 9, 2025 cease-and-desist letter, via Federal Express, to the residential address of its President, David J. Hosticka.

25. Airline did not respond to the April 9, 2025 letter, nor did it stop infringing the DOG N SUDS® trademarks and service marks.

26. Defendants have been, since after termination of it license, and currently are providing and selling restaurant services, food, and root beer in and from its previously licensed facility at 4221 Grand Haven Rd., Norton Shores, MI 49441 bearing Dog 'N Suds signage, said facility depicted below:



27. Upon information and belief, Defendants continues to knowingly and intentionally infringe and counterfeit the DOG N SUDS® trademarks and service marks.

28. Upon information and belief, Defendants continues to knowingly and intentionally sell counterfeit root beer using the DOG N SUDS® trademarks and service marks

### COUNT I:  FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT

29. Dog 'N Suds incorporates by reference the averments contained in paragraphs 1 through 28.

30. The unauthorized use of the DOG N SUDS® trademarks and service marks by Airline's advertising and sale of Airline goods is likely to cause confusion or mistake or to deceive consumers into believing that Airline's unauthorized products and services advertised, promoted, and offered under the DOG N SUDS® trademarks and services marks are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Dog 'N Suds.

31. The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125 and the common law.

32. Defendant's trademark infringement is deliberate and willful. As a result, Dog 'N Suds has been injured and is entitled to enjoin Defendants from continued

infringement of the DOG N SUDS® trademarks and services marks as well as compensation for fees and costs.

## COUNT II:  UNFAIR COMPETITION

33. Dog 'N Suds incorporates by reference the averments contained in paragraphs 1 through 32.

34. Defendants' unauthorized use of the DOG N SUDS® trademarks and services marks is likely to cause confusion or mistake or to deceive consumers into believing that Defendants' unauthorized products advertised, promoted, and offered under the DOG N SUDS® trademarks and services marks are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Dog 'N Suds.

35. The acts of Defendants complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

## COUNT III:  BREACH OF CONTRACT

36. Dog 'N Suds incorporates by reference the averments contained in paragraphs 1 through 35.

37. The Products License Agreement attached hereto as Exhibit F is a valid and enforceable agreement between Dog 'N Suds and Airline.

38. Section XI.A of the Products License Agreement required Defendants to "immediately cease using the Marks and Products licensed under this Agreement, and

shall not thereafter, directly or indirectly, represent to the public or hold itself out as a present or former licensee of Licensor…."

39. Defendants unauthorized use the DOG N SUDS® trademarks and services marks is in breach of Section XI.A.

40. As a result of Defendant's breach, Dog 'N Suds has been damaged.

41. Under Section XI.B of the Products License Agreement, Dog 'N Suds is entitled to recover its reasonable attorneys' fees due to Defendants' breach.

**Demand for Jury Trial**

Dog 'N Suds demands a jury trial on all issues so triable.

**Prayer**

A. Enter judgment that the unauthorized use of the DOG N SUDS® trademarks and service marks in Defendants' commercial advertising, marketing, promotion and/or sales in the United States infringes the DOG N SUDS® trademarks and service marks and are counterfeits thereof.

B. Enter judgment that the unauthorized use of the DOG N SUDS® trademarks and service marks in Defendants' commercial advertising, marketing and/or promotion and sales in the United States constitutes and creates a likelihood of confusion, mistake or deception among relevant consumers and therefore constitutes unfair competition.

C. Enter judgment that Defendants' infringement and unfair competition is willful.

D. Preliminarily and permanently enjoin Defendants, its officers, agents, employees and attorneys, and those in active concert or participation therewith, from

using the DOG N SUDS® trademarks and service marks to advertise, offer for sale and/or sell any products or services, unless authorized by Dog 'N Suds.

E. Preliminarily and permanently enjoin Defendants, its officers, agents, employees and attorneys, and those in active concert or participation therewith, from engaging in any form of false, misleading and/or deceptive advertising of products or services using the DOG N SUDS® trademarks and service marks which are likely to cause or have caused confusion, mistake or deception of the public.

F. Find the case exceptional and award Dog 'N Suds its attorneys' fees and expenses associated with this action, in accordance with 15 USC §1117.

G. Grant all such other relief that the Court deems just.

Respectfully submitted,

By: *s/Shane T. Moreillon*
Daniel J. Lueders
dlueders@uspatent.com
Shane T. Moreillon
smoreillon@uspatent.com
WOODARD, EMHARDT, HENRY,
    REEVES & WAGNER, LLP
111 Monument Circle, Suite 3700
Indianapolis, Indiana 46204-5137
(317) 634-3456 – Telephone
(317) 637-7561 – Facsimile

*Attorneys for Plaintiff, TK&C'S, LLC*

#2374217